UNITED STATES DISTRICT COURT
FILED
SEP 2 4 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUIS ROLANDO MAYANCELA ZAMORA,

Petitioner,

v.

26-CV-1941 (JLS)

MICHAEL BALL, *In his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; PHILIP RHONEY, *In his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; DAVID VENTURELLA, *In his official capacity as Senior Official Performing the Duties of Director, U.S. Immigration and Customs Enforcement*; TODD BLANCHE, *In his official capacity as U.S. Attorney General;* and MARKWAYNE MULLIN, *In his official capacity as Secretary of Homeland Security*,

Respondents.

**ORDER**

Respondents concede that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) under Second Circuit caselaw. *See Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); Dkt. 4. As a result, the immigration court has jurisdiction over a bond hearing, pursuant to *Da Cunha*. Because Petitioner's detention has not become

prolonged under *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020),[1] that case does not require burden-shifting at the bond hearing. Accordingly, Respondents shall provide Petitioner with a bond hearing under the relevant regulations no later than **October 8, 2026**.

Furthermore, Petitioner's arguments regarding warrantless arrest are without merit for the reasons stated in Respondents' response. Dkt. 4. *See also Palma v. Powell*, 828 F. Supp. 3d 1297, 1308 (N.D. Ala. 2026) ("[T]he Constitution does not prohibit arrests made in violation of statute" (citing *Virginia v. Moore*, 553 U.S. 164, 176-78 (2008)). *See also id.* (explaining that, the "Fourth Amendment permits warrantless arrests where the arresting officer possesses probable cause" and that, even if the petitioner's arrest was warrantless, it "may still have been constitutional if the arresting officers had probable cause to believe that he committed a crime in their presence or had committed a felony"). *See also id.* ("Regardless, habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody . . . If lawful grounds for detention exist, [the petitioner] is not entitled to release even if there were flaws in his original arrest") (citing *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)). *Cf. I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding

---

[1] Petitioner was detained by immigration authorities on September 3, 2026. *See* Dkt. 1 ¶ 1.

is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.") (citations omitted).[2]

IT IS HEREBY ORDERED that Respondents shall provide Petitioner with a bond hearing under the relevant regulations by **October 8, 2026**, at which Petitioner bears the burden to establish that he is neither a flight risk nor a threat to safety such that he is entitled to release from custody; and it is further

ORDERED that the Clerk of Court shall close this case.

SO ORDERED.

Dated: September 24, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] *See also Rajah v. Mukasey*, 544 F.3d 427, 447 (2d Cir. 2008) (noting that, "litigating the conduct surrounding an arrest would impose an intolerable administrative burden on the immigration enforcement system. Given that officers may arrest several aliens per day, they 'cannot be expected to compile elaborate, contemporaneous, written reports detailing the circumstances of every arrest.'") (quoting *Lopez-Mendoza*, 468 U.S. at 1049).